**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENISE BRINKLEY,

*Plaintiff,*

vs.

PHILO, INC.,

*Defendants.*

Case No.: 3:23-cv-01207

# DEFENDANT PHILO, INC.'S MOTION TO COMPEL ARBITRATION AND TO STAY CASE OR, IN THE ALTERNATIVE, TO DISMISS CLASS CLAIMS

Dated: December 12, 2023

*/s/ Pravin R. Patel*
Pravin R. Patel
Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
pravin.patel@weil.com

David L. Yohai (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Blake J. Steinberg (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
taylor.dougherty@weil.com
blake.steinberg@weil.com

David R. Singh (admitted *pro hac vice*)
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
**WEIL, GOTSHAL & MANGES LLP**

*Attorneys for Defendant Philo, Inc.*

**TABLE OF CONTENTS**


I. BACKGROUND ..... 2

A. Plaintiff Agreed to Arbitrate Her Claims ..... 2

B. Plaintiff Agreed to a Class Waiver ..... 6

II. LEGAL STANDARDS ..... 6

A. Federal Arbitration Act ..... 6

B. Rule 12(b)(6) ..... 7

III. ARGUMENT ..... 8

A. Plaintiff and Philo Entered a Valid Agreement to Arbitrate ..... 8

B. An Arbitrable Issue Exists ..... 13

C. Philo Has Not Waived Its Right to Arbitrate ..... 14

D. Plaintiff Agreed to a Class Action Waiver, Requiring Dismissal of Her Class Claims ..... 15

E. The Action Must Be Stayed While the Dispute Proceeds to Individual Arbitration ..... 17

IV. CONCLUSION ..... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. Lashify, Inc.*,
No. 6:23-cv-243-PGB-DCI, 2023 WL 5573822 (M.D. Fla. Aug. 29, 2023) ..... 9, 14

*Allen v. Hartford Fire Ins. Co.*,
No. 6:16-cv-1603-ORL-37KRS, 2017 WL 3682346 (M.D. Fla. Aug. 25, 2017) ..... 9

*Am. Express Co. v. Italian Colors Restaurant*,
570 U.S. 228 (2013) ..... 15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..... 7, 8

*AT&T Mobility LLC* v. *Concepcion*,
563 U.S. 333 ..... 10, 13, 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ..... 8

*Bender v. A.G. Edwards & Sons, Inc.*,
971 F.2d 698 (11th Cir. 1992) ..... 17

*Benjamin v. Kimpton Hotel*,
No. 18-24429-CIV-WILLIAMS, 2019 WL 13255314 (S.D. Fla. June 20, 2019) ..... 13

*Bernardino v. Barnes & Noble Booksellers, Inc.*,
No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893 (S.D.N.Y. Nov. 20, 2017) ..... 10, 12

*Carr v. Credit One Bank*,
No. 15-cv-6663-LAK, 2015 WL 9077314 (S.D.N.Y. Dec. 16, 2015) ..... 12

*Chestnut v. Whitehaven Income Fund I, LLC*,
No. 12 CV 8854 PAC, 2014 WL 5388562 (S.D.N.Y. Oct. 23, 2014) ..... 14

*Coinbase, Inc. v. Bielski*,
599 U.S. 736 (2023) ........................................................................................ 17

*Cronin v. Portfolio Recovery Assocs., LLC*,
No. 8:15-cv-00768-EAK-EAJ, 2016 WL 1756892 (M.D. Fla. Apr. 29, 2016) ........................................................................................ 16

*Farrell v. Aaron's, Inc.*,
3:18-CV-014904-20JRK, 2019 U.S. Dist. LEXIS 249230 (M.D. Fla. May 16, 2019) ........................................................................................ 2

*First Options of Chicago, Inc. v. Kaplan*,
514 U.S. 938 (1995) ........................................................................................ 9

*Hough v. Regions Fin. Corp. (In re Checking Account Overdraft Litig.)*,
672 F.3d 1224 (11th Cir. 2012) ........................................................................ 12

*Jackson v. Shakespeare Found., Inc.*,
108 So. 3d 587 (Fla. 2013) .............................................................................. 13

*Klos v. Polskie Linie Lotnicze*,
133 F.3d 164 (2d Cir. 1997) ............................................................................ 11

*Lambert v. Signature Healthcare, LLC*,
No. 19-11900, 2022 WL 2571959 (11th Cir. July 8, 2022) ............................. 10, 11

*McIntosh v. Royal Caribbean Cruises, Ltd.*,
No. 17-cv-23575, 2018 WL 1732177 (S.D. Fla. Apr. 10, 2018) ........................ 16

*Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ........................................................................................ 6, 13

*Nicor Int'l Corp. v. El Paso Corp.*,
318 F. Supp. 2d 1160 (S.D. Fla. 2004) ............................................................. 7

*Nugent v. Appa, LLC*,
No. 6:20-CV-977-ORL-41LRH, 2020 WL 13369444 (M.D. Fla. Aug. 31, 2020) ........................................................................................ 7

*Pendergast v. Sprint Nextel Corp.*,
691 F.3d 1224 (11th Cir. 2012) ........................................................................ 16

*Regions Bank v. Wells Fargo Clearing Servs., LLC*,
No. 6:20-cv-2335RBDDCI, 2021 WL 4948139 (M.D. Fla. Aug. 3, 2021) .......... 2

*Rent-A-Ctr., W., Inc. v. Jackson*,
561 U.S. 63 (2010) .......... 10

*Roman v. Spirit Airlines, Inc.*,
482 F.Supp.3d 1304 (S.D. Fla. 2020) .......... 16

*Solis v. Am. Express Nat'l Bank*,
No. 5:23-cv-208-JSM-PRL, 2023 WL 4474322 (M.D. Fla. July 11, 2023) .......... 12

*Story v. Heartland Payment Sys., LLC*,
461 F. Supp. 3d 1216 (M.D. Fla. 2020) .......... 9

*Telecom Italia, SPA v. Wholesale Telecom Corp.*,
248 F.3d 1109 (11th Cir. 2001) .......... 7

*Thomas v. United Wisconsin Life Ins. Co.*,
348 F. Supp. 2d 1320 (M.D. Fla. 2004) .......... 15

*Triple I: Intern. Invs., Inc. v. K2 Unlimited, Inc.*,
287 F. App'x 63 (11th Cir. 2008) .......... 6

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* .......... 1, 5, 6, 9, 15, 16

Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* .......... 1, 10, 13, 14

**Other Authorities**

Federal Rule of Civil Procedure R. 12(b)(6) .......... 1, 7

Defendant Philo, Inc. ("**Philo**") respectfully moves to compel arbitration pursuant to the Federal Arbitration Act (the "**FAA**"), 9 U.S.C. § 1 *et seq.*, to stay this proceeding under Section 3 of the FAA until the arbitrator enters a final award, or, in the alternative, to dismiss Plaintiff's class claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Simply put, this case does not belong in court. In the complaint (the "**Complaint**") in the above-captioned action (the "**Action**"), Plaintiff Denise Brinkley ("**Plaintiff**") alleges that Philo has violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "**VPPA**") by allegedly sharing information about what videos she watched on Philo's website with Meta. But in December 2022—ten months before this case was filed—Plaintiff accepted Philo's 2022 Terms of Service Agreement (the "**2022 Philo Terms**") which included an agreement to arbitrate all disputes or claims relating to Philo's services, Plaintiff's interactions with Philo, and any data Philo might collect regarding Plaintiff's uses or interactions with Philo. *Infra* Background § A. Plaintiff further agreed to bring any such claims only on an individual basis. *Infra* Background § B.

Plaintiff has failed to comply with her contractual obligations. Though her VPPA claims fall squarely within the scope of the arbitration provision she willing agreed to in December 2022, Plaintiff brought this lawsuit in court and purported

to bring her lawsuit on behalf of a class of similarly situated individuals. Plaintiff's agreement to arbitrate her claims bars this Action, and her agreement to a class action waiver bars her attempts to bring claims on behalf of a class in court or in arbitration. Philo therefore respectfully requests that the Court grant Philo's motion and compel Plaintiff to arbitrate her claim on an individual basis and stay these proceedings pending individual arbitration. If the Court allows Plaintiff's claims to go forward in this Action, Philo respectfully requests the Court dismiss Plaintiff's class claims.

# I. BACKGROUND

## A. Plaintiff Agreed to Arbitrate Her Claims.

Philo is a paid subscription service that allows its registered users to stream a variety of television video content. The Complaint is notably bereft of any specific allegations regarding Plaintiff's use of and interaction with the Philo service. At some unidentified time, Plaintiff allegedly registered for an account with Philo. Compl. ¶ 18. Per Philo's records, Plaintiff has been a Philo subscriber since November 4, 2020. Declaration of Loren Bland ¶ 2, Ex. A ("Bland Decl.").[1] Plaintiff then allegedly used that account to view video content on Philo's website

[1] In resolving a motion to compel arbitration, the Court "may consider matters outside the four corners of the complaint," including declarations and the agreement itself. *Farrell v. Aaron's, Inc.*, 3:18-CV-014904-20JRK, 2019 U.S. Dist. LEXIS 249230, at *7 (M.D. Fla. May 16, 2019); *Regions Bank v. Wells Fargo Clearing Servs., LLC*, No. 6:20-cv-2335RBDDCI, 2021 WL 4948139, at *2 (M.D. Fla. Aug. 3, 2021).

"during the relevant time period" — a phrase that is never defined in the Complaint. Compl. ¶ 22.

Every Philo subscriber must agree to Philo's operative Terms of Service Agreement at the time she registers for a Philo account. Bland Decl. ¶ 3. Philo's operative Terms of Service Agreement governs the use of Philo's website, including the ability to access video content, which is accessible through Philo's website along with various applications on mobile phones, tablets, and televisions. *Id.* Ex. B § 1. On occasion, Philo has updated its Terms of Service Agreement. One such update occurred on December 22, 2022. Bland Decl. ¶ 4, Ex. B. As of December 22, 2022, Philo's Terms of Service Agreement (the "**2022 Philo Terms**") included an updated dispute resolution clause, which required that all disputes or claims arising out of or relating to Philo's services, Plaintiff's interactions with Philo, and any data Philo might collect regarding Plaintiff's uses or interactions with Philo be resolved through binding arbitration or in small claims court. *Id.*, Ex. B § 14. The 2022 Philo Terms also contained class action and class arbitration waivers. *Id.*[2]

Philo alerted its subscribers of the update to Philo's Terms of Service Agreement in December 2022. Bland Decl. ¶ 4, Ex. B. Upon logging into their

[2] The current version of the Terms is the same, with certain ministerial changes. The current Terms are attached to the declaration of Loren Bland as Exhibit C.

Philo account, all subscribers were presented with a pop-up message notifying them that Philo was updating its Terms of Service Agreement. Bland Decl. ¶ 5. The pop-up contained the following text:




Bland Decl. Ex. D. The hyperlinked website "philo.com/terms" appeared in blue, distinguishing it from the surrounding text. Clicking on the "philo.com/terms" hyperlink led visitors to an electronic copy of the 2022 Philo Terms, which a Philo subscriber could scroll through and read. Bland Decl. ¶ 6, Bland Decl. Ex. D. In order to watch any video content on Philo's website after December 22, 2022, all Philo subscribers had to affirmatively click "ACCEPT" at the bottom of the pop-up message, confirming that they had read and agreed to the 2022 Philo Terms. *Id.* Philo's records reflect that Plaintiff accepted the 2022 Philo Terms by affirmatively clicking "ACCEPT" at the bottom of the pop-up message on December 27, 2022. Bland Decl. ¶ 7, Bland Decl. Ex. E.

The 2022 Philo Terms contain a clause governing resolution of disputes that arise out of Philo's products or services, which provides for binding arbitration. Bland Decl. Ex. B § 14. This clause was not hidden in small text or in a footnote. Rather, it clearly and conspicuously appeared beneath a bold, all-caps heading that read, "Dispute Resolution and Arbitration: Binding Arbitration; Class Action Waiver, Time Limit for Claims." *Id*. In relevant part, the 2022 Philo Term's dispute resolution clause states:

> **YOU AND PHILO AGREE THAT ANY AND ALL DISPUTES OR CLAIMS, WHETHER BASED ON PAST, PRESENT, OR FUTURE EVENTS, ARISING OUT OF OR RELATING IN ANY WAY TO (I) THE PHILO PRODUCTS OR SERVICES OR ANY ADVERTISING OR MARKETING FOR THOSE PRODUCTS OR SERVICES, (II) ANY PURCHASES, INTERACTIONS OR OTHER TRANSACTIONS OR RELATIONSHIPS WITH PHILO, (III) ANY DATA OR INFORMATION YOU MAY PROVIDE TO PHILO OR THAT PHILO MAY GATHER IN CONNECTION WITH SUCH USES, INTERACTIONS, TRANSACTIONS OR RELATIONSHIPS, AND (IV) ANY ISSUES RELATED TO THIS AGREEMENT . . . WILL BE RESOLVED BY BINDING ARBITRATION BEFORE A SOLE ARBITRATOR.**

*Id.* § 14(b).

The 2022 Philo Terms further provide that "the Federal Arbitration Act . . . will govern these terms," (*id.* § 14(k)) and that the arbitration provision is "intended to be a 'written agreement to arbitrate' pursuant to the Federal Arbitration Act." *Id*. § 14(t).

### B. Plaintiff Agreed to a Class Waiver.

The 2022 Philo Terms also clearly provide in bold, all-caps language that "any dispute resolution proceedings will be conducted only on an individual basis and not in a class, representative, consolidated, or mass action." *Id.* § 14(h). The 2022 Philo Terms further provide that "[i]f for any reason a claim proceeds in court rather than in arbitration . . . [the user and Philo] each waive any right to a jury trial and agree that any such proceeding will be conducted only on an individual basis and not in a class, representative, consolidated or mass action." *Id.* § 14(j).

## II. LEGAL STANDARDS

### A. Federal Arbitration Act.

The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon motion of either party to the agreement and provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for revocation of any contract." 9 U.S.C. §§ 2, 4. There is a strong presumption in favor of arbitrability under both federal and Florida law. *See Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (the FAA's language manifests a "liberal federal policy favoring arbitration agreements."); *Triple I: Intern. Invs., Inc. v. K2 Unlimited, Inc.*, 287 F. App'x 63, 64 (11th Cir. 2008) (citation omitted) ("Absent some violation of public policy, a federal court must refer to arbitration any

controversies covered by the provisions of an arbitration clause."); *Nicor Int'l Corp. v. El Paso Corp.*, 318 F. Supp. 2d 1160, 1166 (S.D. Fla. 2004) ("The policy in favor of arbitration in the State of Florida is unmistakable, long-standing, and supported by ample case law, and is not based upon mere judicial notions of public interest.").

In deciding whether to compel arbitration, the Court considers "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *Nugent v. Appa, LLC*, No. 6:20-CV-977-ORL-41LRH, 2020 WL 13369444, at *2 (M.D. Fla. Aug. 31, 2020) (citation omitted); *Telecom Italia, SPA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001) (citation omitted) ("Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause.").

**B. Rule 12(b)(6).**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant

has acted unlawfully." *Iqbal*, 556 U.S. at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) ("[F]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

## III. <u>ARGUMENT</u>

Plaintiff should be compelled to arbitrate her claims on an individual basis. Plaintiff affirmatively consented to the 2022 Philo Terms, which required that disputes arising out of or relating to the subscribers use of Philo's services be resolved through binding individual arbitration. *See supra* Background § A. An arbitrable issue exists as Plaintiff's claims fall squarely within the 2022 Philo Terms' arbitration clause. Finally, as this is Philo's first substantive filing in this action, it has not waived its right to arbitrate. The Court should thus enforce this agreement by compelling individual arbitration of Plaintiff's claims.

### A. Plaintiff and Philo Entered a Valid Agreement to Arbitrate.

Federal courts "apply ordinary state-law principles that govern the formation of contracts" when determining whether there is a valid agreement to arbitrate under the FAA. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944

(1995). Under Florida law, "the law of the jurisdiction where the contract was executed governs interpretation of the substantive issues regarding the contract." *Allen v. Hartford Fire Ins. Co.*, No. 6:16-cv-1603-ORL-37KRS, 2017 WL 3682346, at *3 (M.D. Fla. Aug. 25, 2017). In addition, "under Florida law, courts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Id.* Here, Plaintiff is a Florida resident who agreed to the 2022 Philo Terms. *See* Compl. ¶ 8. The 2022 Philo Terms contain a provision calling for application of New York law. Bland Decl. Ex. B ¶ 14(k).

Regardless of whether Florida or New York law is applied, Plaintiff entered into an enforceable agreement to arbitrate her claims on an individual basis in the 2022 Philo Terms. Online "clickwrap" agreements—where website visitors, as here, indicate assent to hyperlinked website terms and conditions through clicking a button—are enforceable like any other contract. *See supra* Background § A (Bland Decl. Ex. B); *see also Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1221, 1224 (M.D. Fla. 2020) (Corrigan, J.) (finding an enforceable agreement where users had to click an "Accept Terms" button and were informed that by so agreeing they were agreeing to Terms of Service containing an arbitration agreement and class waiver); *Adams v. Lashify, Inc.*, No. 6:23-cv-243-PGB-DCI, 2023 WL 5573822, at *1, 6 (M.D. Fla. Aug. 29, 2023) (finding an enforceable agreement where above a "Checkout" button, the website informed visitors that "[u]pon placing an order

you agree to Lashify's Terms of Use, shipping & return policy[,]" where the phrase "Terms of Use" was an underlined hyperlink); *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893, at *3, *13 (S.D.N.Y. Nov. 20, 2017) (explaining courts "have routinely upheld" agreements that "require a user to click an 'I agree' button after being presented with terms," and recommending a VPPA claim be arbitrated), *adopted by*, No. 17-CV-4570 (LAK), 2018 WL 671258 (S.D.N.Y. Jan. 31, 2018).

Nor can Plaintiff demonstrate that the agreement to arbitrate in the 2022 Philo Terms is unconscionable. Parties opposing arbitration bear the heavy burden of proving unconscionability, which encompasses both a procedural and substantive element. *Lambert v. Signature Healthcare, LLC*, No. 19-11900, 2022 WL 2571959, at *4 (11th Cir. July 8, 2022); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (citation omitted). Procedural unconscionability focuses on "'oppression' or 'surprise' due to unequal bargaining power," whereas substantive unconscionability focuses on whether there were "'overly harsh' or 'one-sided' results." *Concepcion*, 563 U.S. at 340 (citation omitted). In assessing unconscionability, courts need only consider whether the arbitration agreement (as opposed to the entire contract) is unconscionable. *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010).

The arbitration agreement in the 2022 Philo Terms is not procedurally unconscionable. "The central question in the procedural unconscionability analysis is whether the complaining party lacked a meaningful choice when entering into the contract." *Lambert*, 2022 WL 2571959, at *5. Plaintiff had plenty of choices. She could have chosen not to create a Philo user account and instead streamed television shows online through a different streaming platform. Plaintiff also could have chosen to watch television programming through a traditional cable services provider. Instead, Plaintiff chose to agree to the 2022 Philo Terms and, in so doing, agreed to arbitrate any disputes she may have with Philo regarding its services on an individual basis.[3]

Nor was Plaintiff "surprised" by the arbitration agreement. The arbitration agreement in the 2022 Philo Terms was conspicuous; indeed, at the very beginning of the 2022 Philo Terms, there is a bolded paragraph informing Philo users that the 2022 Philo Terms included "an explanation of how disputes between you and [Philo] are to be resolved, including that any disputes must be submitted to binding and final arbitration." Bland Decl. Ex. B. This is not a scenario where the arbitration agreement was hidden in small font or a footnote. The section of the

[3] *See Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 169 (2d Cir. 1997) (airline flight ticket contract was not unconscionable where alternative destinations and modes of transportation existed for purchasers).

2022 Philo Terms containing the arbitration provision was accompanied by large, bolded headings identifying them as "Dispute Resolution and Arbitration: Binding Arbitration; Class Action Waiver, Time Limit for Claims" provisions. Bland Decl. Ex. B § 14; *Hough v. Regions Fin. Corp. (In re Checking Account Overdraft Litig.)*, 672 F.3d 1224, 1229 (11th Cir. 2012) (arbitration provision clearly labeled "BINDING ARBITRATION" in bold, with a clear reference in the table of contents and a separate paragraph typed in all caps, bold, and underlined was sufficiently conspicuous); *Carr v. Credit One Bank*, No. 15-cv-6663-LAK, 2015 WL 9077314, *3 (S.D.N.Y. Dec. 16, 2015) ("This arbitration clause was clear, conspicuous, and preceded by a heading written in all capital letters and bold print.").

Plaintiff also cannot demonstrate the arbitration agreement in the 2022 Philo Terms is substantively unconscionable. As a threshold matter, the arbitration agreement in the 2022 Philo Terms is mutual—*i.e.*, both Plaintiff and Philo are required to arbitrate claims. Bland Decl. Ex. B § 14. This strongly weighs against a finding of substantive unconscionability. *Solis v. Am. Express Nat'l Bank*, No. 5:23-cv-208-JSM-PRL, 2023 WL 4474322, *2 (M.D. Fla. July 11, 2023) (finding that mutuality of remedy weighed against a finding of substantive unconscionability), *adopted by*, *Solis*, 2023 WL 4831307 (M.D. Fla. July 28, 2023); *Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893, *12

(S.D.N.Y. Nov. 20, 2017) (finding that even lack of mutuality of remedy did not render an arbitration provision substantively unconscionable).

The 2022 Philo Terms also incorporate the rules of a neutral third party which provides for fair procedures, including a neutral arbitrator, a written decision, and discovery. Bland Decl. Ex. B § 14(f). This too precludes a finding of substantive unconscionability. *See Benjamin v. Kimpton Hotel*, No. 18-24429-CIV-WILLIAMS, 2019 WL 13255314, *4 (S.D. Fla. June 20, 2019) (finding that JAMS rules allowing plaintiffs to "pursue attorneys' fees, injunctive relief, and punitive damages . . . safeguards Plaintiffs' statutory rights and is not substantively unconscionable"); *see, also Concepcion,* 563 U.S. 333, 341 (2011).

Plaintiff thus entered into a valid and enforceable written agreement to arbitrate her VPPA claim on an individual basis.

**B. An Arbitrable Issue Exists**.

Plaintiff's claim falls within the scope of the 2022 Philo Terms' arbitration agreement. Courts treat arbitration provisions like this one requiring arbitration for claims or controversies "arising out of or relating to" the subject of the contract as broad. *Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013). Because Florida courts generally favor arbitration provisions, they "will try to resolve an ambiguity in an arbitration provision in favor of arbitration." *Id.*; *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25 ("[A]ny doubts concerning the scope of arbitrable

issues should be resolved in favor of arbitration."); *see Chestnut v. Whitehaven Income Fund I, LLC*, No. 12 CV 8854 PAC, 2014 WL 5388562, at *1 (S.D.N.Y. Oct. 23, 2014) (explaining a clause containing "arising out of or relating to" language created "a presumption in favor of arbitrating Plaintiffs' claims").

Here, the arbitration agreement in the 2022 Philo Terms provides that:

> ANY AND ALL DISPUTES OR CLAIMS, WHETHER BASED ON PAST, PRESENT, OR FUTURE EVENTS, ARISING OUT OF OR RELATING IN ANY WAY TO (I) THE PHILO PRODUCTS OR SERVICES OR ANY ADVERTISING OR MARKETING FOR THOSE PRODUCTS OR SERVICES, (II) ANY PURCHASES, INTERACTIONS OR OTHER TRANSACTIONS OR RELATIONSHIPS WITH PHILO, (III) ANY DATA OR INFORMATION YOU MAY PROVIDE TO PHILO OR THAT PHILO MAY GATHER IN CONNECTION WITH SUCH USES, INTERACTIONS, TRANSACTIONS OR RELATIONSHIPS, AND (IV) ANY ISSUES RELATED TO THIS AGREEMENT . . . WILL BE RESOLVED BY BINDING ARBITRATION BEFORE A SOLE ARBITRATOR.

Bland Decl. Ex. B ¶ 14(b). By her own allegations, Plaintiff's VPPA claim arises from her use of the Philo website, her interactions with Philo, and data Philo allegedly gathered in connection with such uses and interactions. Compl. ¶¶ 18-23, 28-30. As such, Plaintiff's claims fall squarely within the scope of the arbitration agreement, and she must be compelled to arbitrate.

### C. Philo Has Not Waived Its Right to Arbitrate.

As this motion to compel arbitration is Philo's first substantive filing in this Action, Philo has not waived its right to arbitrate. *See Adams*, 2023 WL 5573822, at

*6 (M.D. Fla. Aug. 29, 2023) (finding no waiver of the right to arbitrate where defendant removed the case to federal court and brought a motion to compel arbitration within a month without engaging in any other litigation practice beforehand); *Thomas v. United Wisconsin Life Ins. Co.*, 348 F. Supp. 2d 1320, 1321 (M.D. Fla. 2004) (finding no waiver of the right to arbitrate where defendant "clearly invoked its right to seek arbitration within two months of Plaintiff's initiation of this lawsuit in state court and within the time frame agreed upon by the parties in the case management report.").

### D. Plaintiff Agreed to a Class Action Waiver, Requiring Dismissal of Her Class Claims.

As discussed above, Plaintiff agreed to the 2022 Philo Terms. *See* Background at § B. The 2022 Philo Terms include a prominent class waiver providing that: "**YOU AND WE AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS, REPRESENTATIVE, CONSOLIDATED OR MASS ACTION.**" Bland Decl. Ex. B § 14(h) (emphasis added). Courts have found class waivers similar to that in the 2022 Philo Terms enforceable. *See Concepcion*, 563 U.S. at 344 ("Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA"); *Am. Express Co. v. Italian Colors Restaurant*, 570 U.S. 228, 234 (2013) (holding that Rule 23 of the Federal Rules of Civil Procedure does not "establish

an entitlement to class proceedings."); *Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1234 (11th Cir. 2012) ("[T]o the extent Florida law would invalidate the class action waiver, it would still be preempted by the FAA.").

To the extent the Court denies Philo's motion to compel individual arbitration of Plaintiff's claims and allows this Action to go forward, Plaintiff's agreement to this class action waiver requires dismissal of her class claims. *See Cronin v. Portfolio Recovery Assocs., LLC,* No. 8:15-cv-00768-EAK-EAJ, 2016 WL 1756892, at *1 (M.D. Fla. Apr. 29, 2016) (compelling arbitration and dismissing class action claims based on plaintiff's agreement to a class action waiver); *McIntosh v. Royal Caribbean Cruises, Ltd.*, No. 17-cv-23575, 2018 WL 1732177, at *1-3 (S.D. Fla. Apr. 10, 2018) (dismissing complaint based on plaintiff's agreement to a class waiver and allowing only individual claims in an amended complaint); *Roman v. Spirit Airlines, Inc.*, 482 F. Supp.3d 1304 (S.D. Fla. 2020) ("[V]arious courts have held that the enforceability of a class action waiver should be resolved by way of a motion to dismiss and before discovery begins."), *aff'd*, No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021). Plaintiff's agreement to the class waiver in the 2022 Philo Terms applies equally to claims brought in arbitration, and thus requires arbitration of her claims to proceed on an individual basis.

### E. The Action Must Be Stayed While the Dispute Proceeds to Individual Arbitration.

Based on the foregoing, Plaintiff's claim is subject to individual arbitration and must be stayed for the duration of the arbitration.[4] *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (explaining "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration").

## IV. CONCLUSION

For the foregoing reasons, Philo respectfully requests that the Court order Plaintiff to submit her claim to individual binding arbitration, dismiss her class claims, and stay the litigation pending the conclusion of the arbitration process.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), on November 29, 2023, counsel for Philo, Inc. conferred with Plaintiff's counsel regarding Defendant Philo, Inc.'s Motion to Compel Arbitration or, in the Alternative, Motion to Dismiss Class Claims. The undersigned counsel certifies that the Parties were unable to resolve the issue that is the subject of the motion.

[4] Even if this Motion is denied, any subsequent appeal would require discovery to be stayed while the appeal is pending. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("[A] district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing.").

Dated: December 12, 2023

*/s/ Pravin R. Patel*
Pravin R. Patel
Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
pravin.patel@weil.com

David L. Yohai (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Blake J. Steinberg (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
taylor.dougherty@weil.com
blake.steinberg@weil.com

David R. Singh (admitted *pro hac vice*)
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
**WEIL, GOTSHAL & MANGES LLP**

*Attorneys for Defendant Philo, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via ECF to all counsel of record in this action.

Dated: December 12, 2023

*/s/ Pravin R. Patel*
Pravin Patel
Florida Bar No. 99939
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3177
Fax: (305) 374-7159
pravin.patel@weil.com

*Attorney for Defendant Philo, Inc.*