# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

DENISE BRINKLEY,

<em>Plaintiff,</em>

     vs.

Case No.: 3:23-cv-01207

PHILO, INC.,

<em>Defendants.</em>

## DEFENDANT PHILO, INC.'S MOTION TO COMPEL ARBITRATION, TO STAY CASE, AND TO DISMISS CLASS CLAIMS IN LIGHT OF AMENDED COMPLAINT

Dated:  January 18, 2024

*/s/ Pravin R. Patel*

Pravin R. Patel
Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone:  (305) 577-3100
Fax:  (305) 374-7159
pravin.patel@weil.com

David L. Yohai (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Blake J. Steinberg (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax:  (212) 310-8007
david.yohai@weil.com
taylor.dougherty@weil.com
blake.steinberg@weil.com

David R. Singh (admitted *pro hac vice*)
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
**WEIL, GOTSHAL & MANGES LLP**

*Attorneys for Defendant Philo, Inc.*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

I.     BACKGROUND ........................................................................................... 2

       A.     Plaintiff Agreed to Arbitrate Her Claims.................................... 2

       B.     Plaintiff Also Agreed to a Class Waiver..................................... 7

II.    LEGAL STANDARDS.................................................................................. 7

       A.     Federal Arbitration Act................................................................ 7

       B.     Rule 12(b)(6). ............................................................................. 8

III.   ARGUMENT ................................................................................................ 9

       A.     Plaintiff and Philo Entered a Valid Agreement to Arbitrate. ............. 9

       B.     An Arbitrable Issue Exists........................................................... 16

       C.     Philo Has Not Waived Its Right to Arbitrate. ...................................... 17

       D.     Plaintiff Agreed to a Class Action Waiver, Requiring
              Dismissal of Her Class Claims................................................... 18

       E.     The Action Must Be Stayed During Individual Arbitration. .............. 19

IV.    CONCLUSION ............................................................................................ 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*24 Hour Fitness, Inc. v. Superior Ct.*,
   66 Cal. App. 4th 1199 (1998) ................................................................................. 10

*Adams v. Lashify, Inc.*,
   No. 6:23-cv-243-PGB-DCI, 2023 WL 5573822 (M.D. Fla. Aug. 29,
   2023) ...................................................................................................................... 12, 18

*Aggarwal v. Coinbase, Inc.*,
   No. 22-CV-04829-JSW, 2023 WL 4935003 (N.D. Cal. Aug. 2, 2023) ................... 10

*Am. Express Co. v. Italian Colors Rest.*,
   570 U.S. 228 (2013) ................................................................................................. 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................................ 8, 9

*AT&T Mobility LLC v. Concepcion*,
   563 U.S. 333 (2011) ............................................................................................. 12, 18

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................... 9

*Bender v. A.G. Edwards & Sons, Inc.*,
   971 F.2d 698 (11th Cir. 1992) ................................................................................. 19

*Bernardino v. Barnes & Noble Booksellers, Inc.*,
   No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893 (S.D.N.Y. Nov.
   20, 2017) .............................................................................................................. 11, 15

*Brooks v. Yang*,
   216 A.D.3d 505 (N.Y. 1st Dep't 2023) ................................................................... 11

*Bryant v. Philo, Inc.*,
   Case No. 4:23-cv-00136-HSG (N.D. Cal. Mar. 23, 2023), ECF No.
   32 ................................................................................................................................ 3

ii

*Carr v. Credit One Bank,*
No. 15-cv-6663-LAK, 2015 WL 9077314 (S.D.N.Y. Dec. 16, 2015) ..................... 14

*Chestnut v. Whitehaven Income Fund I, LLC,*
No. 12 CV 8854 PAC, 2014 WL 5388562 (S.D.N.Y. Oct. 23, 2014) ..................... 16

*Coinbase, Inc. v. Bielski,*
599 U.S. 736 (2023) ............................................................................. 19

*Cronin v. Portfolio Recovery Assocs., LLC,*
No. 8:15-cv-00768-EAK-EAJ, 2016 WL 1756892 (M.D. Fla. Apr. 29,
2016) ................................................................................................. 19

*Emigrant Mortg. Co. v. Fitzpatrick,*
95 A.D.3d 1169 (N.Y. 2d Dep't 2012) ............................................... 12, 13

*Farrell v. Aaron's, Inc.,*
3:18-CV-01490-20JRK, 2019 WL 13262714 (M.D. Fla. May 16, 2019) .................. 2

*First Options of Chi., Inc. v. Kaplan,*
514 U.S. 938 (1995) ............................................................................. 10

*Flores v. Lower E. Side Serv. Ctr., Inc.,*
4 N.Y.3d 363 (2005) ............................................................................. 18

*Flores v. Nat'l Football League,*
658 F. Supp. 3d 198 (S.D.N.Y. 2023), *reconsideration denied*, No. 22-
CV-0871 (VEC), 2023 WL 4744191 (S.D.N.Y. July 25, 2023),
*appealed filed*, No. 23-1185 (2d Cir. Aug. 22, 2023) ................................. 16

*Garner v. Revel Transit Inc.,*
80 Misc. 3d 647 (N.Y. Sup. Ct. 2023) ................................................... 11

*Gillman v. Chase Manhattan Bank, N.A.,*
73 N.Y.2d 1 (1988) ............................................................................. 12

*Kaufman v. Relx Inc.,*
211 A.D.3d 580 (N.Y. 1st Dep't 2022) ................................................. 12

*Klos v. Polskie Linie Lotnicze,*
133 F.3d 164 (2d Cir. 1997) ............................................................... 13

*Maxcess, Inc. v. Lucent Techs., Inc.,*
    433 F.3d 1337 (11th Cir. 2005) ................................................................ 10

*May v. Philo, Inc.,*
    Case No. 3:23-cv-01394-MMC, 2023 WL 7346184 (N.D. Cal. Nov.
    6, 2023) ........................................................................................................ 4

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
    460 U.S. 1 (1983) ......................................................................................... 7

*Nugent v. Appa, LLC,*
    No. 6:20-CV-977-ORL-41LRH, 2020 WL 13369444 (M.D. Fla. Aug.
    31, 2020) ...................................................................................................... 8

*Pendergast v. Sprint Nextel Corp.,*
    691 F.3d 1224 (11th Cir. 2012) ................................................................ 19

*In re Philo Priv. Litig.,*
    No. 4:22-cv-04296-HSG (N.D. Cal. Jan. 25, 2023), ECF No. 71 ............. 3

*Regions Bank v. Wells Fargo Clearing Servs., LLC,*
    No. 6:20-cv-2335RBDDCI, 2021 WL 4948139 (M.D. Fla. Aug. 3,
    2021) ............................................................................................................ 2

*Rent-A-Ctr., W., Inc. v. Jackson,*
    561 U.S. 63 (2010) ..................................................................................... 12

*Roman v. Spirit Airlines, Inc.,*
    482 F. Supp. 3d 1304 (S.D. Fla. 2020), *aff'd,* No. 20-13699, 2021 WL
    4317318 (11th Cir. Sept. 23, 2021) (per curiam) ..................................... 19

*Ryan v. Kellogg Partners Institutional Servs.,*
    58 A.D.3d 481 (N.Y. 1st Dep't 2009) ...................................................... 17

*Smith v. Spizziri,*
    No. 22-1218, 2024 WL 133822 (U.S. Jan. 12, 2024) ................................ 20

*Solis v. Am. Express Nat'l Bank,*
    No. 5:23-cv-208-JSM-PRL, 2023 WL 4474322 (M.D. Fla. July 11,
    2023) .......................................................................................................... 15

*Story v. Heartland Payment Sys., LLC,*
    461 F. Supp. 3d 1216 (M.D. Fla. 2020) (Corrigan, J.) ............................ 11

*Telecom Italia, SPA v. Wholesale Telecom Corp.*,
   248 F.3d 1109 (11th Cir. 2001) ................................................................. 8

*Triple I: Int'l Invs., Inc. v. K2 Unlimited, Inc.*,
   287 F. App'x 63 (11th Cir. 2008) .............................................................. 8

**Statutes**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ............................................*passim*

Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* ........................................*passim*

**Other Authorities**

Federal Rule of Civil Procedure 12(b)(6) ................................................... 1, 8

Federal Rules of Civil Procedure Rule 23 ................................................... 19

Defendant Philo, Inc. ("**Philo**") respectfully renews its motion to compel arbitration pursuant to the Federal Arbitration Act (the "**FAA**"), 9 U.S.C. § 1 *et seq.*, to stay this proceeding under Section 3 of the FAA until the arbitrator enters a final award, and to dismiss Plaintiff's class claims pursuant to Federal Rule of Civil Procedure 12(b)(6), in response to Plaintiff's amended complaint (the "**Amended Complaint**" or "**FAC**").

## PRELIMINARY STATEMENT

Simply put, this case does not belong in court.  In the above-captioned action (the "**Action**"), Plaintiff Denise Brinkley ("**Plaintiff**") alleges that Philo has violated the Video Privacy Protection Act, 18 U.S.C. § 2710 *et seq.* (the "**VPPA**") by allegedly sharing information about what videos she watched on Philo's website with Meta.  But in December 2022—*ten months before filing the Action*—Plaintiff accepted Philo's 2022 Terms of Service Agreement (the "**2022 Philo Terms**"), including an agreement to arbitrate all disputes or claims relating to Philo's services, Plaintiff's interactions with Philo, and any data Philo might collect regarding Plaintiff's uses or interactions with Philo.  *Infra* Background § A. Plaintiff agreed to bring any such claims only on an individual basis.  *Infra* Background § B.

Plaintiff has failed to comply with her contractual obligations.  Though her VPPA claims fall squarely within the scope of the arbitration provision she willing

agreed to in December 2022, Plaintiff brought this lawsuit in court and purported to bring her lawsuit on behalf of a class of similarly situated individuals. Plaintiff's agreement to arbitrate her claims bars this Action, and her agreement to a class action waiver bars her attempts to bring claims on behalf of a class in court or in arbitration. Plaintiff's Amended Complaint does not—and cannot—remedy these deficiencies. Philo therefore respectfully requests that the Court grant Philo's motion and compel Plaintiff to arbitrate her claim on an individual basis, dismiss Plaintiff's class claims, and stay these proceedings pending individual arbitration.

## I.      BACKGROUND

### A.      Plaintiff Agreed to Arbitrate Her Claims.

Philo is a paid subscription service that allows its registered users to stream various television video content. Plaintiff registered for an account with Philo on November 4, 2020. FAC ¶ 17; Declaration of Loren Bland ¶ 2 & Ex. A ("Bland Decl.").[1] Plaintiff then allegedly viewed video content with her account on Philo's website at some unspecified point "[p]rior to the filing of this action." FAC ¶¶ 36-37.

Every Philo subscriber must agree to Philo's operative Terms of Service

---

[1] In resolving a motion to compel arbitration, the Court "may consider evidence outside of the four-corners of the complaint," including declarations and the agreement itself. *Farrell v. Aaron's, Inc.*, 3:18-CV-01490-20JRK, 2019 WL 13262714, at *3 (M.D. Fla. May 16, 2019); *Regions Bank v. Wells Fargo Clearing Servs., LLC*, No. 6:20-cv-2335RBDDCI, 2021 WL 4948139, at *2 (M.D. Fla. Aug. 3, 2021).

Agreement at the time she registers for a Philo account.  Bland Decl. ¶ 3.  Philo's operative Terms of Service Agreement governs the use of Philo's website, including the ability to access video content, which is accessible through Philo's website along with various applications on mobile phones, tablets, and televisions. *Id.* Ex. B § 1.  The version of the Terms of Service Agreement in effect on November 4, 2020 when Plaintiff registered for an account included a "Modifications" provision providing:

> Philo reserves the right change, modify or amend these Terms at any time, or to impose new conditions on the Services (collectively, the "Changes").  All Changes will be effective (i) immediately upon notice thereof, which may be given by any means including, without limitation, posting on the Services, or by electronic or conventional mail, or by any other means or (ii) where required by law, 30 days after their publication through the Services.  Any use of the Services by you after such notice shall be deemed to be your acceptance of the Changes.  If any modification to these Terms is unacceptable to you, you may immediately terminate your use of the Services.

Bland Decl. ¶ 3 & Ex. B.

On occasion, Philo has updated its Terms of Service Agreement, as expressly permitted.  One such update occurred on December 22, 2022.  FAC ¶ 20; Bland Decl. ¶ 4 & Ex. C.  This update occurred following the initiation of unrelated separate VPPA lawsuit against Philo, which, as Plaintiff has acknowledged, has since been dismissed for a lack of Article III standing.[2]

---

[2] Counsel for plaintiffs in the actions *In re Philo Priv. Litig.*, No. 4:22-cv-04296-HSG (N.D. Cal. Jan. 25, 2023), ECF No. 71 and *Bryant v. Philo, Inc.,* Case No. 4:23-cv-00136-HSG (N.D. Cal. Mar. 23, 2023), ECF No. 32, dismissed the actions in response to Philo's motion to dismiss for lack of

As of December 22, 2022, Philo's Terms of Service Agreement (the "**2022 Philo Terms**") included a dispute resolution clause requiring that all disputes or claims arising out of or relating to Philo's services, Plaintiff's interactions with Philo, and any data Philo might collect regarding Plaintiff's uses or interactions with Philo be resolved through binding arbitration or in small claims court.  Bland Decl., Ex. C § 14; FAC ¶ 20.  The 2022 Philo Terms also contained class action and class arbitration waivers.  Bland Decl., Ex. C § 14; FAC ¶ 26.[3]

Philo alerted its subscribers of the update to Philo's Terms of Service Agreement in December 2022.  Bland Decl. ¶ 4 & Ex. C; FAC ¶ 22.  Upon logging into their Philo account, all subscribers were presented with a pop-up message notifying them that Philo was updating its Terms of Service Agreement.  Bland Decl. ¶ 5; FAC ¶ 22.

The pop-up contained the following text:



standing.  The Court in *May v. Philo, Inc.*, Case No. 3:23-cv-01394-MMC, 2023 WL 7346184 (N.D. Cal. Nov. 6, 2023) granted Philo's motion to dismiss based on a lack of Article III standing.

[3] The current version of the Terms is the materially the same, with only ministerial changes.  The current Terms are attached to the declaration of Loren Bland as Exhibit D.

Bland Decl. Ex. E.  The hyperlinked website "philo.com/terms" appeared in blue, distinguishing it from the surrounding text.  Clicking on the "philo.com/terms" hyperlink led visitors to an electronic copy of the 2022 Philo Terms, which a Philo subscriber could scroll through and read.  Bland Decl. ¶ 6, Bland Decl. Ex. E.  In order to watch any video content on Philo's website after December 22, 2022, all Philo subscribers wishing to continue using the service had to affirmatively click "ACCEPT" at the bottom of the pop-up message, confirming that they had read and agreed to the 2022 Philo Terms.  Bland Decl. ¶ 6 & Ex. E.

If a Philo subscriber did not want to accept the 2022 Philo Terms, the 2022 Philo Terms made clear that the subscriber could discontinue their use of Philo and request a pro rata refund.  FAC Ex. C, at 2 ("If you do not agree to any amendment, you may not use our Services, and you may receive a pro-rated refund for any of your pre-paid fees for our Services you do not use by contacting us through philo.com/contact <u>within 30 days of the effective date of the amendment</u>.").  This language appeared at the beginning of the 2022 Philo Terms and conspicuously underlined the thirty-day deadline to request a refund.  *Id.* Philo has no record that Plaintiff ever attempted to request such a refund.  Bland Decl. ¶ 8.

Philo's records reflect that Plaintiff accepted the 2022 Philo Terms by affirmatively clicking "ACCEPT" at the bottom of the pop-up message on

December 27, 2022, rather than discontinuing service and requesting a pro rata refund.  Bland Decl. ¶ 7, Bland Decl. Ex. F.

The 2022 Philo Terms includes a dispute resolution clause providing for binding arbitration.[4]  Bland Decl. Ex. C § 14.  This clause was not hidden in small text or in a footnote.  Rather, it clearly and conspicuously appeared beneath a bold, heading that read, "**Dispute Resolution and Arbitration: Binding Arbitration; Class Action Waiver, Time Limit for Claims**."  *Id*.  In relevant part, the 2022 Philo Term's dispute resolution clause states:

> **YOU AND PHILO AGREE THAT ANY AND ALL DISPUTES OR CLAIMS, WHETHER BASED ON PAST, PRESENT, OR FUTURE EVENTS, ARISING OUT OF OR RELATING IN ANY WAY TO (I) THE PHILO PRODUCTS OR SERVICES OR ANY ADVERTISING OR MARKETING FOR THOSE PRODUCTS OR SERVICES, (II) ANY PURCHASES, INTERACTIONS OR OTHER TRANSACTIONS OR RELATIONSHIPS WITH PHILO, (III) ANY DATA OR INFORMATION YOU MAY PROVIDE TO PHILO OR THAT PHILO MAY GATHER IN CONNECTION WITH SUCH USES, INTERACTIONS, TRANSACTIONS OR RELATIONSHIPS, AND (IV) ANY ISSUES RELATED TO THIS AGREEMENT . . . WILL BE RESOLVED BY BINDING ARBITRATION BEFORE A SOLE ARBITRATOR.**

*Id.* § 14(b).  The 2022 Philo Term's dispute resolution clause above was also clear that it applied to "any and all disputes or claims, whether based on past, present, or future events."  *Id.*

---

[4] The version of the Terms of Service Agreement in effect on November 4, 2020 when Plaintiff registered for an account provided that users agreed and submitted to the state and federal courts located in San Francisco County, California Bland Decl. Ex. B § 13.

The 2022 Philo Terms further provide that "the Federal Arbitration Act . . . will govern these terms," (*id.* § 14(k)) and that the arbitration provision is "intended to be a 'written agreement to arbitrate' pursuant to the Federal Arbitration Act." *Id.* § 14(t).

## B.    Plaintiff Also Agreed to a Class Waiver.

The 2022 Philo Terms also clearly provide in bold, all-caps language that "any dispute resolution proceedings will be conducted only on an individual basis and not in a class, representative, consolidated or mass action." *Id.* § 14(h).  They also state that "[i]f for any reason a claim proceeds in court rather than in arbitration . . .  [the user and Philo] each waive any right to a jury trial and agree that any such proceeding will be conducted only on an individual basis and not in a class, representative, consolidated or mass action." *Id.* § 14(j).

## II.    <u>LEGAL STANDARDS</u>

## A.    Federal Arbitration Act.

The FAA requires courts to compel arbitration "in accordance with the terms of the agreement" upon motion of either party to the agreement and provides that written contracts to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. §§ 2, 4.  There is a strong presumption in favor of arbitrability.  *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24

(1983) (the FAA's language manifests a "liberal federal policy favoring arbitration agreements."); *Triple I: Int'l Invs., Inc. v. K2 Unlimited, Inc.*, 287 F. App'x 63, 64 (11th Cir. 2008) (citation omitted) ("Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause.").

In deciding whether to compel arbitration, the Court should consider "(1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Nugent v. Appa, LLC*, No. 6:20-CV-977-ORL-41LRH, 2020 WL 13369444, at *2 (M.D. Fla. Aug. 31, 2020) (citation omitted); *Telecom Italia, SPA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001) (citation omitted) ("Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause.").

### B.      Rule 12(b)(6).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant

has acted unlawfully." *Id.* (citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[F]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

## III. <u>ARGUMENT</u>

Plaintiff should be compelled to arbitrate her claims on an individual basis. Plaintiff actually and affirmatively consented to the 2022 Philo Terms, which required that disputes arising out of or relating to the subscribers use of Philo's services be resolved through binding individual arbitration. *See supra* Background § A. An arbitrable issue exists as Plaintiff's claims fall squarely within the 2022 Philo Terms' arbitration clause. Finally, as this is Philo's first substantive filing in response to the Amended Complaint in this action, it has not waived its right to arbitrate. The Court should thus enforce this agreement by compelling individual arbitration of Plaintiff's claims.

### A. **Plaintiff and Philo Entered a Valid Agreement to Arbitrate**.

Federal courts "apply ordinary state-law principles that govern the formation of contracts" when determining whether there is a valid agreement to

arbitrate under the FAA. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). "[U]nder Florida law, courts will enforce choice-of-law provisions unless the law of the chosen forum contravenes strong public policy." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1341 (11th Cir. 2005) (internal quotation marks omitted). Here, Plaintiff is a Florida resident who agreed to the version of the Philo Terms of Service Agreement in effect on November 4, 2020 and later to the updated 2022 Philo Terms. *See* FAC ¶ 8. The Philo Terms of Service Agreement in effect on November 4, 2020 (when Plaintiff created her Philo account) contained a provision calling for application of California law. Bland Decl. Exs. A & B § 14(k).

The addition of the arbitration provision in the 2022 Philo Terms is valid and binding against Plaintiff, as the Philo Terms of Service in effect on November 4, 2020 Plaintiff agreed to when creating her Philo account contained a provision allowing Philo to unilaterally update its Terms of Service. Bland Decl. Ex. B § 2. Under California law such provisions are enforceable. *See, e.g., Aggarwal v. Coinbase, Inc.*, No. 22-CV-04829-JSW, 2023 WL 4935003, at *4 (N.D. Cal. Aug. 2, 2023) ("In California, it has long been the rule that a provision in an agreement permitting one party to modify contract terms does not, standing alone, render a contract illusory.") (internal quotation marks omitted); *24 Hour Fitness, Inc. v. Superior Ct.*, 66 Cal. App. 4th 1199, 1214 (1998) (rejecting objection to and enforcing a unilateral modification provision in an employment agreement).

The 2022 Philo Terms (that Plaintiff agreed to on December 27, 2022) contain a provision calling for application of New York law.  Bland Decl. Ex. C § 14(k). Regardless of whether this Court applies New York or Florida law, Plaintiff entered into an enforceable agreement to arbitrate her claims on an individual basis in the 2022 Philo Terms.  Online "clickwrap" agreements—where website visitors, as here, indicate assent to hyperlinked website terms and conditions through clicking a button—are enforceable like any other contract.  *See supra* Background § A (Bland Decl. Ex. C); *see also Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893, at *3, *13 (S.D.N.Y. Nov. 20, 2017) (explaining courts "have routinely upheld" agreements that "require a user to click an 'I agree' button after being presented with terms," and recommending a VPPA claim be arbitrated), *adopted by*, No. 17-CV-4570 (LAK), 2018 WL 671258 (S.D.N.Y. Jan. 31, 2018); *Brooks v. Yang*, 216 A.D.3d 505, 506 (N.Y. 1st Dep't 2023) (opining that "a clickwrap agreement's terms and conditions . . . may be binding and enforceable even if they are only accessible through a hyperlink."); *Garner v. Revel Transit Inc.*, 80 Misc. 3d 647, 649 (N.Y. Sup. Ct. 2023) ("Providing a hyperlink at the time of registration, and the user's assent to register, is sufficient notice to the user that their registration is subject to contractual terms").[5]

---

[5] Florida law is in accord.  *See also Story v. Heartland Payment Sys., LLC*, 461 F. Supp. 3d 1216, 1221, 1224 (M.D. Fla. 2020) (Corrigan, J.) (finding an enforceable agreement where users had to click an "Accept Terms" button and were informed that by so agreeing they were agreeing to Terms of

Nor can Plaintiff demonstrate that the agreement to arbitrate in the 2022 Philo Terms is unconscionable.   Parties opposing arbitration bear the heavy burden of proving unconscionability, which encompasses both a procedural and substantive element.  *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10 (1988); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011).   Procedural unconscionability focuses on whether there was a "disparity in [] bargaining power" or a party had "a reasonable opportunity to understand the terms of the contract" (*Kaufman v. Relx Inc.*, 211 A.D.3d 580, 581 (N.Y. 1st Dep't 2022)) whereas substantive unconscionability focuses on the contents of the contract per se. *Emigrant Mortg. Co. v. Fitzpatrick*, 95 A.D.3d 1169, 1170 (N.Y. 2d Dep't 2012); *see also Concepcion*, 563 U.S. at 340 (citation omitted).  In assessing unconscionability, courts need only consider whether the arbitration agreement (as opposed to the entire contract) is unconscionable.  *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 70-71 (2010).

The arbitration agreement in the 2022 Philo Terms is not procedurally unconscionable.  Generally, "an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforcible [sic] because of an absence

---

Service containing an arbitration agreement and class waiver); *Adams v. Lashify, Inc.*, No. 6:23-cv-243-PGB-DCI, 2023 WL 5573822, at *1, *6 (M.D. Fla. Aug. 29, 2023) (finding an enforceable agreement where above a "Checkout" button, the website informed visitors that "[u]pon placing an order you agree to Lashify's Terms of Use, shipping & return policy[,]" where the phrase "Terms of Use" was an underlined hyperlink).

12

of meaningful choice on the part of one of the parties." *Emigrant Mortg.*, 95 A.D.3d at 1169. Plaintiff had plenty of choices. She could have chosen not to create a Philo user account and instead streamed television shows online through a different streaming platform. Plaintiff could have chosen to watch television programming through a traditional cable services provider. She could have declined to accept the 2022 Philo Terms and, contrary to Plaintiff's allegations to the contrary in the Amended Complaint, the 2022 Philo Terms (attached as Exhibit B to the Amended Complaint) clearly provide that she could have received a "pro-rated refund for any of [her] pre-paid fees for [Philo's] Services [she could] not use" because she chose not to accept the 2022 Philo Terms. Plaintiff did none of this. Instead, she chose to agree to the 2022 Philo Terms and, in so doing, agreed to arbitrate any disputes she may have with Philo regarding its services on an individual basis.[6]

Nor was Plaintiff "surprised" by the arbitration agreement. The arbitration agreement in the 2022 Philo Terms was conspicuous; indeed, at the very beginning of the 2022 Philo Terms, there is a bolded paragraph informing Philo users that the 2022 Philo Terms included "an explanation of how disputes between you and [Philo] are to be resolved, including that any disputes must be submitted to

---

[6] *See Klos v. Polskie Linie Lotnicze*, 133 F.3d 164, 169 (2d Cir. 1997) (airline flight ticket contract was not unconscionable where alternative destinations and modes of transportation existed for purchasers).

binding and final arbitration." Bland Decl. Ex. C at 1. This is not a scenario where the arbitration agreement was hidden in small font or a footnote. The section of the 2022 Philo Terms containing the arbitration provision was accompanied by large, bolded headings identifying them as "Dispute Resolution and Arbitration: Binding Arbitration; Class Action Waiver, Time Limit for Claims" provisions. Bland Decl. Ex. C § 14; *Carr v. Credit One Bank*, No. 15-cv-6663-LAK, 2015 WL 9077314, at *3 (S.D.N.Y. Dec. 16, 2015) ("This arbitration clause was clear, conspicuous, and preceded by a heading written in all capital letters and bold print.").

The fact that Philo amended its Terms of Service after the initiation of a separate action which involved different plaintiffs and which has not been related to this case is wholly irrelevant to the alleged unconscionability of the arbitration provision. As a threshold matter, as Plaintiff acknowledges, that prior litigation was dismissed as it was undisputed those plaintiffs lacked Article III standing. To accept Plaintiff's claims that Philo amended its Terms solely to try to gain some advantage in this Action, which was not filed until ten months after Philo amended and Plaintiff accepted the updated Terms, would require evidence Philo somehow knew Plaintiff intended to file this action ten months later. Such an argument is baseless.

Plaintiff also cannot demonstrate the arbitration agreement in the 2022 Philo

Terms is substantively unconscionable.  The arbitration agreement in the 2022 Philo Terms is mutual—*i.e.*, both Plaintiff and Philo are required to arbitrate claims.  Bland Decl. Ex. C § 14.  This strongly weighs against a finding of substantive unconscionability. *Bernardino*, 2017 WL 7309893, at *12 ( (finding that even lack of mutuality of remedy did not render an arbitration provision substantively unconscionable).[7]

The 2022 Philo Terms also incorporate the rules of a neutral third party which provides for fair procedures, including a neutral arbitrator, a written decision, and discovery.  Bland Decl. Ex. C § 14(f).  While Plaintiff complains that "JAMS has no written procedures addressing Defendant's supposed 'Batch Arbitrations' provision" and thus that "Plaintiff and the Class Members are left to guess how these procedures will be implemented," FAC ¶ 28, the Batch Arbitrations provision Plaintiff *quotes in the preceding paragraph* provides Plaintiff with a clear procedure for such batch arbitration, providing that:

> if 100 or more similar arbitration demands presented by or with the assistance or coordination of the same law firm or organization are submitted to JAMS or another arbitration provider (if JAMS is unavailable) against Philo, the arbitration provider will (1) administer the arbitration demands in batches of 100 demands per batch (to the extent there are fewer than 100 arbitration demands left over after the batching described above, a final batch will consist of the remaining demands); (2) designate a single, different arbitrator for each batch (unless the parties agree otherwise); and

---

[7] *See also Solis v. Am. Express Nat'l Bank*, No. 5:23-cv-208-JSM-PRL, 2023 WL 4474322, at *5 (M.D. Fla. July 11, 2023) (finding that mutuality of remedy weighed against a finding of substantive unconscionability), *adopted by*, 2023 WL 4831307 (M.D. Fla. July 28, 2023).

> (3) provide for a single filing set of fees (for example, if JAMS is the arbitration provider, one filing fee, case management fee, and arbitrator compensation fee) due per side per batch.

FAC ¶ 27.  The arbitration agreement also specifies that "the Federal Arbitration Act, applicable federal law, and laws of the State of New York, without regard to its conflict or choice of laws rules, will govern these Terms."  Bland Decl. Ex. C § 14(k).   Parties often design procedures for arbitral bodies to implement. Accordingly, contrary to Plaintiff's assertion, the 2022 Philo Terms provide guidance regarding the batch arbitration procedure, and the arbitrator, in accordance with the Federal Arbitration Act, applicable federal law, and New York state law, may resolve any remaining logistical issues.

Plaintiff thus entered into a valid and enforceable written agreement to arbitrate her VPPA claim on an individual basis.

### B.    An Arbitrable Issue Exists.

Plaintiff's claim falls within the scope of the 2022 Philo Terms' arbitration agreement.  Courts treat arbitration provisions like this one requiring arbitration for claims or controversies "arising out of or relating to" the subject of the contract as broad.  *Flores v. Nat'l Football League*, 658 F. Supp. 3d 198, 212 (S.D.N.Y. 2023) ("[A]ny doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration."), *reconsideration denied*, No. 22-CV-0871 (VEC), 2023 WL 4744191 (S.D.N.Y. July 25, 2023), *appealed filed*, No. 23-1185 (2d Cir. Aug. 22, 2023) ; *Chestnut*

*v. Whitehaven Income Fund I, LLC*, No. 12 CV 8854 PAC, 2014 WL 5388562, at *1 (S.D.N.Y. Oct. 23, 2014) (explaining a clause containing "arising out of or relating to" language created "a presumption in favor of arbitrating Plaintiffs claims").

Here, the arbitration agreement in the 2022 Philo Terms provides that:

ANY AND ALL DISPUTES OR CLAIMS, WHETHER BASED ON PAST, PRESENT, OR FUTURE EVENTS, ARISING OUT OF OR RELATING IN ANY WAY TO (I) THE PHILO PRODUCTS OR SERVICES OR ANY ADVERTISING OR MARKETING FOR THOSE PRODUCTS OR SERVICES, (II) ANY PURCHASES, INTERACTIONS OR OTHER TRANSACTIONS OR RELATIONSHIPS WITH PHILO, (III) ANY DATA OR INFORMATION YOU MAY PROVIDE TO PHILO OR THAT PHILO MAY GATHER IN CONNECTION WITH SUCH USES, INTERACTIONS, TRANSACTIONS OR RELATIONSHIPS, AND (IV) ANY ISSUES RELATED TO THIS AGREEMENT . . . WILL BE RESOLVED BY BINDING ARBITRATION BEFORE A SOLE ARBITRATOR.

Bland Decl. Ex. C § 14(b).  By her own allegations, Plaintiff's VPPA claim arises from her use of the Philo website, her interactions with Philo, and data Philo allegedly gathered in connection with such uses and interactions.  FAC ¶¶ 31-44. Because the arbitration agreement explicitly applies to all disputes or claims "whether based on past, present, or future events," it applies regardless of when Plaintiff's VPPA claim accrued.  As such, Plaintiff's claims fall squarely within the scope of the arbitration agreement, and she must be compelled to arbitrate.

## C.     Philo Has Not Waived Its Right to Arbitrate.

Philo has not waived its right to arbitrate, as its first substantive filing in this Action was a motion to compel arbitration in response to the original complaint (ECF No. 27).  *See Ryan v. Kellogg Partners Institutional Servs.*, 58 A.D.3d 481 (N.Y.

1st Dep't 2009) ("Defendant waived any right to arbitration by failing to raise it as a defense in its answer, asserting counterclaims, making a dispositive motion, and otherwise actively participating in this litigation for almost three years."); *Flores v. Lower E. Side Serv. Ctr., Inc.*, 4 N.Y.3d 363, 371 (2005) (declining to enforce arbitration provision where defendant "did not timely assert an arbitration claim either by raising it as a defense in its answer or by moving to compel arbitration.").[8]

### D.   Plaintiff Agreed to a Class Action Waiver, Requiring Dismissal of Her Class Claims.

As discussed above, Plaintiff agreed to the 2022 Philo Terms. *See* Background at § B.   The 2022 Philo Terms include a prominent class waiver providing that: "**YOU AND WE AGREE THAT ANY DISPUTE RESOLUTION PROCEEDINGS WILL BE CONDUCTED ONLY ON AN INDIVIDUAL BASIS AND NOT IN A CLASS, REPRESENTATIVE, CONSOLIDATED OR MASS ACTION.**"   Bland Decl. Ex. C § 14(h) (emphasis added).   Courts consistently find class waivers similar to that in the 2022 Philo Terms enforceable. *See Concepcion*, 563 U.S. at 344 ("Requiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with

---

[8] *See, also, Adams*, 2023 WL 5573822, at *6 (finding no waiver of the right to arbitrate where defendant removed the case to federal court and brought a motion to compel arbitration within a month without engaging in any other litigation practice beforehand.)

the FAA"); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 234 (2013) (holding that Rule 23 of the Federal Rules of Civil Procedure does not "establish an entitlement to class proceedings."); *Pendergast v. Sprint Nextel Corp.*, 691 F.3d 1224, 1234 (11th Cir. 2012) ("[T]o the extent Florida law would invalidate the class action waiver, it would still be preempted by the FAA.").

Plaintiff's agreement to this class action waiver requires dismissal of her class claims. *See Cronin v. Portfolio Recovery Assocs., LLC,* No. 8:15-cv-00768-EAK-EAJ, 2016 WL 1756892, at *1 (M.D. Fla. Apr. 29, 2016) (compelling arbitration and dismissing class action claims based on plaintiff's agreement to a class action waiver); *Roman v. Spirit Airlines, Inc.*, 482 F. Supp. 3d 1304, 1315 (S.D. Fla. 2020) ("[V]arious courts have held that the enforceability of a class action waiver should be resolved by way of a motion to dismiss and before discovery begins."), *aff'd*, No. 20-13699, 2021 WL 4317318 (11th Cir. Sept. 23, 2021) (per curiam).  Plaintiff's agreement to the class waiver in the 2022 Philo Terms applies equally to claims brought in arbitration, requiring arbitration of her claims on an individual basis.

### E.     The Action Must Be Stayed During Individual Arbitration.

Based on the foregoing, Plaintiff's claim is subject to individual arbitration and must be stayed for the duration of the arbitration.[9]  *Bender v. A.G. Edwards &*

---

[9] Even if this Motion is denied, any subsequent appeal would require discovery to be stayed while the appeal is pending.  *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("[A] district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing.").

*Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (explaining "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration").[10]

## IV.   CONCLUSION

For the foregoing reasons, Philo respectfully requests that the Court order Plaintiff to submit her claim to individual binding arbitration, dismiss her class claims, and stay the litigation pending the conclusion of the arbitration process.

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), on December 21, 2023, counsel for Philo, Inc. conferred with Plaintiff's counsel regarding Defendant Philo, Inc.'s Motion to Compel Arbitration, to Stay Case, and to Dismiss Class Claims in Light of the Amended Complaint.  The undersigned counsel certifies that the Parties were unable to resolve the issue that is the subject of the motion.

---

[10] The Supreme Court recently granted a petition for certiorari in *Smith v. Spizziri*, No. 22-1218, 2024 WL 133822 (U.S. Jan. 12, 2024), to address the current circuit split regarding whether a case referred to arbitration should be stayed or dismissed.

Dated:  January 18, 2024

*/s/ Pravin R. Patel*

Pravin R. Patel
Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone:  (305) 577-3100
Fax:  (305) 374-7159
pravin.patel@weil.com

David L. Yohai (admitted *pro hac vice*)
Taylor B. Dougherty (admitted *pro hac vice*)
Blake J. Steinberg (admitted *pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax:  (212) 310-8007
david.yohai@weil.com
taylor.dougherty@weil.com
blake.steinberg@weil.com

David R. Singh (admitted *pro hac vice*)
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
**WEIL, GOTSHAL & MANGES LLP**

*Attorneys for Defendant Philo, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been

served via ECF to all counsel of record in this action.

Dated: January 18, 2024

*/s/ Pravin R. Patel*

Pravin Patel
Florida Bar No. 99939
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3177
Fax: (305) 374-7159
pravin.patel@weil.com

*Attorney for Defendant Philo, Inc.*
