**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DENISE BRINKLEY,

*Plaintiff,*

vs.

PHILO, INC.,

*Defendant.*

Case No. 3:23-cv-01207

# DEFENDANT PHILO, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION TO COMPEL ARBITRATION AND MOTION TO DISMISS

Dated: January 19, 2024

*/s/ David L. Yohai*
David L. Yohai (*pro hac vice*)
Taylor B. Dougherty (*pro hac vice*)
Blake J. Steinberg (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
blake.steinberg@weil.com

David R. Singh (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
amy.le@weil.com

Pravin R. Patel

Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
pravin.patel@weil.com

*Attorneys for Defendant Philo LLC*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........ 1
BACKGROUND ........ 1
LEGAL STANDARD FOR MOTION TO STAY DISCOVERY ........ 3
ARGUMENT ........ 4
I. A Stay of Discovery Is Particularly Appropriate While a Motion to Compel Arbitration Is Pending. ........ 4
II. The Motion to Compel Arbitration Is Clearly Meritorious. ........ 7
III. The Motion to Compel Arbitration Is Potentially Case Dispositive. ........ 10
IV. Neither Party Will Be Prejudiced By A Stay of Discovery. ........ 10
CONCLUSION ........ 11
LOCAL RULE 3.01(G) CERTIFICATION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bernardino v. Barnes & Noble Booksellers, Inc.*,
2017 WL 7309893 (S.D.N.Y. Nov. 20, 2017) .......... 8

*Brooks v. Yang*,
216 A.D.3d 505 (N.Y. 1st Dep't 2023) .......... 8

*Coinbase, Inc. v. Bielski*,
143 S. Ct. 1915 (2023) .......... 6

*Fernandez v. Freedom Health, Inc.*,
2021 WL 2954398 (M.D. Fla. Mar. 25, 2021) .......... 7

*Garner v. Revel Transit Inc.*,
80 Misc. 3d 647 (N.Y. Sup. Ct. 2023) .......... 8, 9

*George & Co. LLC*,
2019 WL 1468514 .......... 7

*George & Co. LLC v. Cardinal Indus., Inc.*,
2019 Wl 1468514 (M.D. Fla. Feb. 19, 2019) .......... 4

*Johnson v. Whaleco, Inc.*,
2023 WL 6292691 (M.D. Fla. Sept. 27, 2023) .......... 3, 4, 6, 11

*Land v. James*,
2021 WL 3268951 (M.D. Fla. July 30, 2021) .......... 7

*Morat v. Cingular Wireless LLC*,
2008 WL 11336388 (M.D. Fla. Feb. 14, 2008) .......... 3, 4, 10, 11

*Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
46 U.S. 1 (1983) .......... 7

*Nugent v. Appa. LLC*,
2020 WL 13369444 (M.D. Fla. Aug. 31, 2020) .......... 8

*Shireman v. Tracker Marine, LLC*,
2018 WL 11482799 (M.D. Fla. Nov. 30, 2018) .......... 3, 4, 6

*Smith v. Davison Design & Dev., Inc.*,
2013 WL 12155489 .......... 5

*Squitieri v. Nocco*,
2021 WL 10170873 (M.D. Fla. Jan. 14, 2021) .......... 3

*Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*,
2016 WL 4769748 (M.D. Fla. Mar. 2, 2016) .......... 3, 4, 5

*Triple I: Intern. Invs., Inc. v. K2 Unlimited, Inc.*,
287 F. App'x 63 (11th Cir. 2008) .......... 7

*West v. RealReal, Inc.*,
2021 WL 10403162 (M.D. Fla. May 20, 2021) .......... 10

**Other Authorities**

Federal Rule of Civil Procedure 26(c) .......... 2, 3

Defendant Philo, Inc. ("Philo") respectfully moves to stay discovery in the above-captioned action pending resolution of Philo's motion to compel arbitration, stay the case, and dismiss Plaintiff's class claims (the "Motion to Compel Arbitration" or "MTC"), ECF No. 31.

## PRELIMINARY STATEMENT

There exists good cause to stay discovery in this action, and it is reasonable to do so pending resolution of the Motion to Compel Arbitration. *First*, Philo filed its Motion to Compel Arbitration in good faith seeking to enforce its contractual right to arbitration. *Second*, the Motion to Compel Arbitration is clearly meritorious. *Third*, the Motion to Compel Arbitration is potentially dispositive of the case in its entirety. *Fourth*, neither party will be prejudiced by a stay of discovery pending the resolution of the Motion to Compel Arbitration. Indeed, if a stay is not granted and Philo is forced to engage in discovery, it could be deemed to have waived it right to arbitration.

## BACKGROUND

Philo is a paid subscription service allowing registered users to stream television video content. Plaintiff filed this putative class action on October 13, 2023, alleging Philo violated the VPPA by allegedly disclosing personally identifiable information ("PII") to Meta Platforms, Inc. ("Meta"). *See* Complaint ¶¶ 1, 51–64. The Parties met and conferred on November 29, 2023, during which

Plaintiff stated that he would inform Defendant of his position regarding a potential stay of discovery after seeing Defendant's forthcoming motion to compel arbitration, which Philo filed on December 12, 2023. ECF No. 27.

On December 19, 2023, Plaintiff filed an amended complaint. *See* First Amended Complaint ("FAC"), ECF No. 28. On December 21, 2023, the Parties filed a joint motion to vacate the briefing schedule for Defendant's initial motion to compel and allow Defendant to file a renewed motion to compel arbitration in light of the amended complaint. ECF No. 29. This Court granted the joint motion on December 29, 2023, requiring that Defendant renew its motion to compel or otherwise respond to the complaint by January 18, 2024. ECF No. 30. On January 15, 2023—three days before Defendant's deadline to file its renewed motion to compel—Plaintiff served discovery requests on Defendant without any prior warning, including more than 50 document requests, 14 interrogatories, and 22 requests for admission. These extraordinarily broad requests seek, among other things, information related to "the total number of Class Members" and "Documents and ESI identifying the following for ***each Class Member***: (a) their internet protocol address; (b) their Facebook identification number; (c) their account or subscription number assigned by You; (d) the dates on which they were Tracked by You; and (e) the dates on which You provided any information or data to Meta regarding their requesting, obtaining, viewing, renting, selecting, and/or

purchasing prerecorded video or similar audio visual materials available on Your Website" (emphasis added). On January 18, 2023, Defendant filed its motion to compel arbitration, stay the case, and dismiss Plaintiff's class claims in light of Plaintiff's amended complaint. ECF No. 31. Defendant now moves to stay discovery pending resolution of its Motion to Compel Arbitration.

## LEGAL STANDARD FOR MOTION TO STAY DISCOVERY

Under Federal Rule of Civil Procedure 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" and stay discovery pending resolution of a dispositive motion. Fed. R. Civ. P. 26(c). "District courts have inherent power to control their dockets and manage cases." *See Squitieri v. Nocco*, 2021 WL 10170873, at *3 (M.D. Fla. Jan. 14, 2021). A motion to stay may be granted "if there is good cause, such as 'the elimination of unnecessary expenditures of time, money, and other resources.'" *See Morat v. Cingular Wireless LLC*, 2008 WL 11336388, at *1 (M.D. Fla. Feb. 14, 2008) (quoting *Feldman*, 175 F.R.D. at 653); *see also Johnson v. Whaleco, Inc.*, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) ("And for good cause, the Court may protect a party from undue burden and expense."). When assessing whether discovery should be stayed pending resolution of a motion to compel arbitration, "a court may stay discovery . . . unless there are exceptional circumstances militating against a stay." *See Shireman v. Tracker*

*Marine, LLC*, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018); *see also, Sundial Partners, Inc. v. Atl. St. Cap. Mgmt. LLC*, 2016 WL 4769748, at *1 (M.D. Fla. Mar. 2, 2016) ("A court may stay discovery pending resolution of a motion to compel arbitration.").

In addition, "the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Radenhausen*, 2014 WL 12634274, at *1 (quoting *Feldman*, 175 F.R.D. at 652). In order to make such a determination, "'it is necessary for the Court to 'take a preliminary peek' at the merits of the [dispositive] motion [] to see if it appears to be clearly meritorious and truly case dispositive.'" *Id.* (quoting *Feldman*, 175 F.R.D. at 652). Indeed, "[a]s long as delaying discovery does not cause Plaintiff 'any significant harm,' then a stay of discovery is appropriate." *George & Co. LLC v. Cardinal Indus., Inc.*, 2019 Wl 1468514, at *1 (M.D. Fla. Feb. 19, 2019) (quoting *Ave Maria Univ. v. Sebelius*, 2012 WL 135059434, at *2) (M.D. Fla. Nov. 28, 2012).

## ARGUMENT

### I. A Stay of Discovery Is Particularly Appropriate While a Motion to Compel Arbitration Is Pending.

Courts within this District regularly stay discovery while a motion to compel arbitration is pending. *See Shireman v. Tracker Marine, LLC*, 2018 WL 11482799, at *2 (M.D. Fla. Nov. 30, 2018) ("A court may stay discovery in a case

where a pending dispositive motion seeks to compel arbitration, unless there are exceptional circumstances militating against a stay."); *see also Morat*, 2008 WL 11336388, at *2 ("The Court finds that Defendant's Motion to Compel was filed in good faith, and as a result, discovery into the underlying merits of the FACTA claim and the Rule 26(f) conference shall be temporarily stayed pending the resolution of the Motion to Compel Arbitration.").[1] Here, Defendant filed its Motion to Compel Arbitration in good faith, and no exceptional circumstances warrant denying this Motion to Stay Discovery.

Indeed, allowing discovery to proceed in this case would put Defendant at risk of waiving its right to arbitration. Courts may interpret active engagement in discovery on the merits as participating in litigation, which would constitute a waiver of arbitration rights. *See Sundial Partners*, 2016 WL 47699748, at *1 (quoting *Harrell's LLC v. Agrium Advanced (U.S.) Techs., Inc.*, 2011 WL 1596007, at *2 (M.D. Fla. Apr. 27, 2011) ("Such a stay may be warranted because 'participation in litigation, including discovery, can militate in favor of a finding that a party has

---

[1] *See also Johnson v. Whaleco, Inc.*, 2023 WL 6292691, at *1 (M.D. Fla. Sept. 27, 2023) ("Here, the Court finds that Defendant's motion to compel arbitration was filed in good faith, and as a result, discovery into the underlying merits of the TCPA claim shall be temporarily stayed pending the resolution of the motion to compel arbitration."); *Smith v. Davison Design & Dev., Inc.*, 2013 WL 12155489, at *1 (M.D. Fla. Dec. 18, 2023 ("[R]efusal to stay discovery on the merits of the [underlying] claims until the issue of arbitrability is resolved puts the cart before the horse." (quoting *CIGNA HealthCare of St. Louis, Inc. v. Kaiser*, 249 F.3d 849, 855 (7th Cir. 2002)).

waived their right to arbitrate.'")).

Requiring the parties to engage in discovery while the Motion to Compel Arbitration is pending would also thwart the purpose of arbitration and contravene Philo's contractual rights under its Terms of Service. Courts in this District routinely find that allowing such discovery may "frustrate one of the purposes underlying arbitration, namely the inexpensive and expedient resolution of disputes and the easing of court congestion." *See id.* (quoting *Niven v. Dean Witter Reynolds, Inc.*, 1985 WL 5802, at *1 (M.D. Fla. June 27, 1985)); *see also Shireman*, 2018 WL 11482799, at *2 (same). Allowing such discovery would also contravene Defendant's contractual rights under the Terms of Service by forcing Defendant "to engage in district court proceedings that [Defendant] contends it contracted to avoid through arbitration." *See Johnson*, 2023 WL 6292691, at *1.

Further, allowing discovery at this point would be an inefficient use of judicial resources, as discovery will likely be stayed following this Court's decision on Defendant's Motion to Compel Arbitration regardless of the Court's ruling. The Supreme Court recently held that a party's appeal from a denial of a motion to compel arbitration automatically stays the case pending resolution of the appeal. *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 1923 (2023). Should this Court grant Philo's Motion to Compel Arbitration, this case will be stayed. Should this Court deny Philo's Motion to Compel Arbitration, Defendant will likely appeal

such a decision, and this case will be stayed pending resolution of that appeal. Accordingly, regardless of the outcome of this motion, the result will likely be that discovery will be stayed. It would thus be inefficient to begin the discovery process now.

Accordingly, a stay of discovery is particularly appropriate while Defendant's Motion to Compel Arbitration is pending.

**II. The Motion to Compel Arbitration Is Clearly Meritorious.**

The Motion to Compel Arbitration further warrants a stay of discovery because a "preliminary peek" into the merits reveals it to be "clearly meritorious[.]" *See George & Co. LLC*, 2019 WL 1468514, at *1 (quoting *Feldman*, 175 F.R.D. at 652–53).[2]

There is a strong presumption in favor of arbitrability under both federal and Florida law. *See Moses J. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 46 U.S. 1, 24 (1983); *Triple I: Intern. Invs., Inc. v. K2 Unlimited, Inc.*, 287 F. App'x 63, 64 (11th Cir. 2008). When Plaintiff created her Philo account on November 4, 2020, she agreed to the Philo Terms of Service, which contained a provision allowing Philo to unilaterally update its Terms of Service—a provision enforceable under

[2] *See also Land v. James*, 2021 WL 3268951 (M.D. Fla. July 30, 2021) ("Having reviewed the instant Motion, the Notices, the dispositive motions, the file as a whole, and the applicable law, the undersigned finds that a stay of discovery is warranted at this juncture."); *George & Co.*, 2019 WL 1468514, at *2 (same); *Fernandez v. Freedom Health, Inc.*, 2021 WL 2954398, at *2 (M.D. Fla. Mar. 25, 2021) (same).

California law. MTC at 10. On December 22, 2022, Philo exercised its contractual right to update its Terms of Service to an updated version that included an arbitration provision. Plaintiff thus entered into a binding and comprehensive arbitration agreement on December 27, 2022, when she clicked "ACCEPT" on the bottom of a pop-up message informing her of the updates to the Terms of Service. MTC at 5-6. She then filed this action in violation of the Terms of Service to which she agreed. MTC at 2.

In deciding whether to compel arbitration, the Court considers "(1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived." *See Nugent v. Appa. LLC*, 2020 WL 13369444, at *2 (M.D. Fla. Aug. 31, 2020). Plaintiff and Philo entered into a valid agreement to arbitrate. MTC at 9-16. Online "clickwrap" agreements, like the agreement to which Plaintiff agreed here, are enforceable like any other contract. *See Bernardino v. Barnes & Noble Booksellers, Inc.*, No. 17-cv-04570 (LAK) (KHP), 2017 WL 7309893, at *3, *13 (S.D.N.Y. Nov. 20, 2017) (explaining courts "have routinely upheld" agreements that "require a user to click an 'I agree' button after being presented with terms," and recommending a VPPA claim be arbitrated), *adopted by*, No. 17-CV-4570 (LAK), 2018 WL 671258 (S.D.N.Y. Jan. 31, 2018); *Brooks v. Yang*, 216 A.D.3d 505, 506 (N.Y. 1st Dep't 2023) (opining that "a clickwrap agreement's terms and conditions . . . may be binding and enforceable

even if they are only accessible through a hyperlink."); *Garner v. Revel Transit Inc.*, 80 Misc. 3d 647, 649 (N.Y. Sup. Ct. 2023) ("Providing a hyperlink at the time of registration, and the user's assent to register, is sufficient notice to the user that their registration is subject to contractual terms"). The fact that Philo amended its Terms of Service after the initiation of a separate action which involved different plaintiffs and which has not been related to this case is wholly irrelevant to the enforceability of the arbitration provision. MTC at 14.

Further, an arbitrable issue exists because Plaintiff's claim falls squarely within the scope of the broadly worded arbitration provision. MTC at 16-17. The arbitration provision of the Terms of Service sets out in 'all caps':

> YOU AND PHILO AGREE THAT ANY AND ALL DISPUTES OR CLAIMS, WHETHER BASED ON PAST, PRESENT, OR FUTURE EVENTS, ARISING OUT OF OR RELATING IN ANY WAY TO (I) THE PHILO PRODUCTS OR SERVICES OR ANY ADVERTISING OR MARKETING FOR THOSE PRODUCTS OR SERVICES, (II) ANY PURCHASES, INTERACTIONS OR OTHER TRANSACTIONS OR RELATIONSHIPS WITH PHILO, (III) ANY DATA OR INFORMATION YOU MAY PROVIDE TO PHILO OR THAT PHILO MAY GATHER IN CONNECTION WITH SUCH USES, INTERACTIONS, TRANSACTIONS OR RELATIONSHIPS, AND (IV) ANY ISSUES RELATED TO THIS AGREEMENT . . . WILL BE RESOLVED BY BINDING ARBITRATION BEFORE A SOLE ARBITRATOR.

MTC at 17. Because Plaintiff's claim arises from her use of the Philo website, her interactions with Philo, and data Philo allegedly gathered in connection with such uses and interactions, the arbitration provision clearly governs

her claim. Finally, Philo has not waived its right to arbitrate, since its first substantive filing in this Action was a motion to compel arbitration in response to the original complaint. *Id.*

Accordingly, Philo's Motion to Compel Arbitration is clearly meritorious.

**III. The Motion to Compel Arbitration Is Potentially Case Dispositive.**

Not only is the Motion to Compel Arbitration meritorious, but it is also potentially case dispositive, as it seeks to send the entire case to arbitration. *See West v. RealReal, Inc.*, 2021 WL 10403162, at *1 (M.D. Fla. May 20, 2021) ("Defendant's Motion to Compel Arbitration . . . or, Alternatively, Motion to Dismiss for Lack of Subject-Matter Jurisdiction . . . if granted, would result in dismissal or stay of all Plaintiff's claims pending completion of the arbitration proceedings."). A stay of discovery is appropriate here for this reason as well.

**IV. Neither Party Will Be Prejudiced By A Stay of Discovery.**

A temporary stay of discovery pending this Court's decision on the Motion to Compel Arbitration will not prejudice Plaintiff, as there is no time-sensitive discovery in this action. Should class action discovery proceed, however, Defendant will face significant prejudice. Class action discovery is a costly, time-consuming, and burdensome process, which may ultimately prove wholly unnecessary given the pending Motion to Compel Arbitration. *See Morat*, 2008 WL

11336388, at *2 ("As Plaintiff has filed a class action lawsuit, discovery into the merits could be unnecessarily expensive and time consuming depending on the resolution of the Motion to Compel Arbitration.").

Because the Motion to Compel Arbitration may eliminate the need for such burdensome discovery, the Court should stay discovery pending its decision on this motion. *See id.* ("If the Motion to Compel Arbitration is granted, the need for merits discovery will be eliminated."); *see also Johnson*, 2023 WL 6292691, at *1.

**CONCLUSION**

For the foregoing reasons, Philo respectfully requests that the Court stay all discovery in this action pending resolution of the Motion to Compel Arbitration.

**LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), counsel for Philo attempted to confer with Plaintiff's counsel regarding Defendant Philo, Inc.'s Motion to Stay Discovery, but was unable to reach Plaintiff's counsel. Pursuant to Local Rule 3.01(g), counsel for Philo will diligently attempt to contact Plaintiff's counsel for the next three days and will supplement this certification accordingly.

Dated: January 19, 2024

Respectfully submitted,

*/s/ David L. Yohai*

David L. Yohai (*pro hac vice*)
Taylor B. Dougherty (*pro hac vice*)
Blake J. Steinberg (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com
blake.steinberg@weil.com

David R. Singh (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
201 Redwood Shores Parkway
Redwood Shores, California 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100
david.singh@weil.com
amy.le@weil.com

Pravin R. Patel
Florida Bar No. 99939
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3100
Fax: (305) 374-7159
pravin.patel@weil.com

*Attorneys for Defendant Philo LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via ECF to all counsel of record in this action.

Dated: January 19, 2024

*/s/ David L. Yohai*
David L. Yohai (*pro hac vice*)
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Fax: (212) 310-8007
david.yohai@weil.com

*Attorney for Defendant Philo LLC*